IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00018-GCM

| | |
|---|---|
| ANTHONY WILLIAMS JR., as Administrator of the Estate of ANTHONY WILLIAMS (DECEASED),<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTE,<br>JOHN DOE,<br>COUNTY OF MECKLENBURG,<br>XAVIER MITCHELL,<br>JOHNNY JENNINGS,<br><br>Defendants. | **ORDER** |

This matter is before the Court on Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 10.) Upon careful consideration of the arguments submitted by the parties, Defendants' Motion to Dismiss is **GRANTED.**

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On April 22, 2021, Anthony Williams died from injuries sustained after being struck by a vehicle driven by Xavier Mitchell. (Doc. No. 8 at ¶¶ 37 and 41.) Mitchell is no longer a party to this lawsuit. (Doc. No. 10-1 at 1.) Plaintiff filed an Amended Complaint against the City of Charlotte, Charlotte Mecklenburg Police Department ("CMPD") Chief Johnny Jennings in his official capacity, John Doe in his official capacity, and John Doe in his individual capacity (hereinafter the "Defendants"); for three causes of action: Deliberate Indifference in Violation of the Fourteenth Amendment Claim Under §1983, Failure to Train Under §1983, and Wrongful Death Under §1983. (Doc. No. 8.)

Plaintiff alleges that CMPD officers were pursuing Mitchell prior to him striking the vehicle in which Williams was riding. (*Id.* at ¶37.) At the time of the accident, Mitchell was wanted for various crimes including but not limited to being in possession of a stolen vehicle and fleeing to elude law enforcement on numerous occasions. (*Id.* at ¶¶ 25-26.) Mitchell allegedly "had a history of eluding law enforcement and causing danger to the general public." (*Id*. at ¶60.) Plaintiff further alleged that CMPD officers attempted to apprehend Mitchell, who they knew was a flight risk, during "rush hour traffic" while driving "at a rate of speed above the posted speed limit without activating lights and sirens." (*Id*. at ¶¶ 25-35.)

I. DISCUSSION

A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In *Iqbal*, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id.* at 678- 79. Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief,'" and therefore should be dismissed. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

## B. Analysis

### a. **Plaintiff's claims against Chief Jennings and Officer John Doe in their official capacity are duplicative of the claims against the City of Charlotte.**

It is well-established that official capacity suits are not suits against the person of the defendant, but rather are suits against the office or entity of which the defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). An official capacity claim is nothing more than a claim against the governmental entity by whom the official is employed. *Kentucky*, 473 U.S. 159 at 16567 (noting that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."). The Fourth Circuit has held that when a municipal employee is sued in their official capacity, the claim is against the municipal office that the employee holds, rather than the particular individual occupying the office. *Brissett v. Paul*, 141 F.3d 1157 (4th Cir. 1998) (upholding dismissal of claims against Defendants in their official capacities as Chiefs of Police, because local government that employed them was named as a party and therefore naming the local officials in their official capacities was redundant and unnecessary); *see also Puranda v. City of Charlotte*, No. 3:23-CV-00864-RJC-SCR, 2024 WL 4472364 (W.D.N.C. Sept. 10, 2024), *report and recommendation adopted*, No. 3:23-CV-00864-RJC-SCR, 2024 WL 4345782 (W.D.N.C. Sept. 30, 2024).

Here, Plaintiff has sued Chief Jennings and Officer John Doe in their official capacity, along with the municipality that employs them, the City of Charlotte. Therefore, the claims against Chief Jennings and Officer John Doe in their official capacities are redundant and unnecessary and are dismissed with prejudice.

### b. Officer John Doe is entitled to qualified immunity because Plaintiff's claims do not show a constitutional violation.

Qualified immunity protects government officials from liability for civil damages so long as their conduct does not violate a clearly established constitutional right. *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 429 (4th Cir. 2009); *see also Pearson v. Callahan*, 555 U.S. 223 (2009). A court required to rule upon the qualified immunity issue should first consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts…show [that] the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); *see also Pearson*, 555 U.S. at 236 (allowing district court judges to exercise discretion in deciding which of the two *Saucier* prongs of the qualified immunity analysis should be addressed first). Of course, "each [officer]…is only liable for his or her own misconduct." *Iqbal*, supra. at 676-77. If, under the facts pled by Plaintiff, no officer has committed a constitutional violation, then the analysis ends: each officer is entitled to qualified immunity. *Saucier,* supra.

Here, Plaintiff asserts the following against Officer John Doe: he attempted to conduct a traffic stop and as anticipated, Mitchell fled (Doc. No. 8 at ¶ 32); and Officer John Doe began to pursue Mitchell at a rate of speed that exceeded the posted speed limits in violation of the law and CMPD pursuit policies and without activating lights and sirens (Id. at ¶ 33-34). These allegations do not establish any type of constitutional violation.[1] At best, these allegations can be construed as a simple negligence claim. As such, Officer John Doe is entitled to qualified immunity under *Saucier* because the facts, as pled, do not show a constitutional violation.

---

[1] In the Response, Plaintiff asserts that the deprivation of a constitutionally protected right was clearly established by way of the Defendants' failure to properly train its officers resulting in numerous police chases ending in injury. (*See* Doc. No. 12 at 4.) There is no failure to train claim against an individual officer. *See Caraway v. City of Pineville*, 639 F.Supp.3d 560,583 (2022) ("Defendants correctly argue the notion that an individual co-worker…or a first level supervisor… can be held liable for failure to train or supervise is simply not the law.").

### c. Plaintiff has failed to sufficiently allege an official policy or custom that was the moving force behind the deprivation of Williams' federal right and Plaintiff has failed to allege conduct that rises to the level of deliberate indifference.

Without showing a constitutional violation, the City of Charlotte cannot be held liable under § 1983. *See Belcher v. Oliver*, 898 F.2d 32, 36 (4th Cir. 1990); *Giancola v. State of W.Va. Dept. of Public Safety*, 830 F.2d 547, 550 (4th Cir. 1987). Plaintiff's §1983 claims are based on alleged negligence and simple negligence is not actionable under §1983. *See Daniels v. Williams*, 474 U.S. 327, 328 and 335–36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995). "§1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Temkin v. Frederick County Com'rs,* 945 F.2d 716 (4th Cir. 1991) (affirming dismissal of a §1983 claim related to a police pursuit because the deputy sheriff's conduct did not rise to the level of a constitutional violation); *see also Jones v. Sherrill,* 827 F.2d 1102 (6th 1987) (affirming dismissal for lack of a constitutional claim under §1983 where plaintiff's husband was killed by a suspect who crossed the center line during a police pursuit); *Cannon v. Taylor,* 782 F.2d 947 (11th Cir. 1986) (explaining that plaintiff's claim against a police officer for colliding with her vehicle while he responded to an emergency call, even if grossly negligent, did not amount to a §1983 cause of action for violation of a federal right); *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) (explaining that negligently inflicted harm is categorically beneath the threshold of constitutional due process and holding that a high-speed police chase with no intent to harm suspects physically or to worsen their legal plight failed to give rise to due process liability redressable by §1983).

As previously discussed, Plaintiff has failed to allege facts that show the City, or any defendant, violated Williams' constitutional rights. Plaintiff relies on *Dean v. McKinney*, 976

6

F.3d 407 (4th Cir. 2020), to argue that a lower culpability spectrum, deliberate indifference, applies here. (*See* Doc. No. 12 at 4-6.) However, Plaintiff does not allege sufficient facts to show deliberate indifference and the facts in *Dean* are distinguishable from the allegations raised here. Even if Plaintiff could overcome the fact that he has failed to sufficiently plead a constitutional violation, Plaintiff has failed to sufficiently allege a specific custom or policy employed by the City that deliberately deprived Williams of his constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Department of Social Services, 436 U.S. 658,* 694-95 (1978)); see also *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999).

## II. CONCLUSION

Plaintiff's Complaint is dismissed with prejudice against all Defendants. Plaintiff's claims against Chief Jennings in his official capacity and John Doe in his official capacity are duplicative of the claims against the City of Charlotte. Plaintiff has not plead sufficient facts to support that Williams suffered the deprivation of a constitutional right, and as such, Officer Doe is entitled to qualified immunity. Finally, the Plaintiff's claims against the City of Charlotte are dismissed because Plaintiff has failed to sufficiently plead that Williams suffered the deprivation of a federal right or allege an official policy or custom that was the moving force behind deprivation of Williams' constitutional rights.

Plaintiff has failed to meet its burden of stating a claim upon which relief can be granted. For the foregoing reasons, the Court finds that this matter must be dismissed.

**ORDER**

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 10) is hereby **GRANTED.** The Court declines to exercise supplemental jurisdiction and expresses no opinion over any state law claims.

Signed: October 31, 2024

Graham C. Mullen
United States District Judge